## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

CORDERO RAGLAND, by and through
his mother and conservator, PAMELA
MITCHELL

      Plaintiffs,

v.                                    No. 2:22-cv-02862-SHL-atc

SHELBY COUNTY, TENNESSEE,

      Defendant.

### ANSWER OF DEFENDANT SHELBY COUNTY, TENNESSEE

COMES NOW Defendant Shelby County, Tennessee ("Shelby County" and/or "Defendant") in response to Plaintiff's Complaint (ECF 1) filed in this cause, and responds as follows:

### I.  Answer to "Introduction"

The "Introduction" section of Plaintiff's Complaint complains a long un-numbered narrative, covering many topics. This section does not comply with Fed. R. Civ. P. 8(a), in that it does not contain "a short and plan statement of the claim showing that the pleader is entitled to relief," nor does it contain allegations which are "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). To the extent that this narrative is deemed part of the Plaintiff's Complaint, the statements contained within it are denied.

In response to the numbered paragraphs of the Complaint, Defendant Shelby County states as follows:

## II. PARTIES

1.     Admitted upon information and belief.

2.     Admitted.

3.     Admitted, except that the Shelby County Division of Corrections is not operated by the SCSO.

4.     Admitted, except that the Shelby County Division of Corrections is not operated by the SCSO.

5.     Admitted.

6.     The first two sentences are denied as stated. The third and fourth sentences are admitted.

## III. JURISDICTION AND VENUE

7.     Admitted that this Court has jurisdiction in this matter.

8.     Admitted that venue is proper.

## IV. STATEMENT OF THE FACTS

9.     Defendant Shelby County neither admits nor denies the allegations in Paragraph 9, as these allegations contain conclusions of law, but demands strict proof of them at trial.

10.     Admitted that the incidents described occurred on December 21, 2021. The remaining allegations of Paragraph 10 are denied.

11.     Admitted, although Plaintiff had numerous incarcerations in Shelby County as early as 2011.

12.     Admitted that Plaintiff was attacked by Drew Johnson on December 21, 2021.

13.     Admitted.

14.     Admitted.

15.     Defendant Shelby County has insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 15, and therefore neither admits nor denies these allegations, and demands strict proof of them at trial.

16.     Admitted that Drew Johnson engaged in criminal conduct at the SCJ during the stated time period. The remainder of Paragraph 16 is denied.

17.     Admitted that SCJ employees had knowledge of and documented the incidents described in subparagraphs b-j. Defendant has insufficient knowledge to determine the truth or falsity of the allegations with regard to subparagraph a, and therefore neither admits nor denies these allegations, and demands strict proof of them at trial.

18.     Defendant Shelby County has insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 18, and therefore neither admits nor denies these allegations, and demands strict proof of them at trial.

19.     Admitted, except that Shelby County has insufficient knowledge to determine the truth or falsity of the allegations regarding how Johnson created or obtained the implement he used in the assault.

20.     Admitted that there was no officer in the subject pod at the time the assault occurred. Denied that no one was monitoring the pod at the time.

21.     Denied.

22.     Admitted that Defendant did not determine the specifics of how Johnson created or obtained the implement he used in the assault.

23.     Denied.

24.     Admitted.

25.     Denied.

26.     Denied.

27.     Admitted that the statements in Paragraph 27 are consistent with the SCJ's procedures.

28.     Denied.

29.     Denied.

30.     Denied.

## V.  CAUSES OF ACTION

31.     Defendant Shelby County neither admits nor denies the allegations in Paragraph 31, as these allegations contain conclusions of law, but demands strict proof of them at trial.  Further, to the extent the allegations in Paragraph 31 allege or imply any negligent act, wrongdoing or liability on the part of Defendant Shelby County, they are hereby denied.

32.     Defendant Shelby County neither admits nor denies allegations in Paragraph 32, as these allegations contain conclusions of law, but demands strict proof of them at trial.

33.     Defendant Shelby County incorporates its answers to paragraphs 1-32 of this complaint as if set forth verbatim herein.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

## VI.  DAMAGES

47.     Defendant Shelby County incorporates its answers to paragraphs 1-46 of this complaint as if set forth verbatim herein.

48.     Admitted that Drew Johnson assaulted and injured the Plaintiff. Defendant has insufficient knowledge to determine the truth or falsity of the remaining allegations in Paragraph 48.

## VII.  PRAYER FOR RELIEF

Defendant asserts that the Plaintiff is not entitled to any relief sought in the "Prayer for Relief" paragraphs of the Complaint.

Any allegation contained in the Complaint which has not previously been admitted, denied, or explained, in whole or in part, is hereby denied.

Defendant reserves the right to amend this Answer pursuant to the Federal Rules of Civil Procedure and the Orders of this Court.

## Affirmative and Other Defenses

1.     The Defendant, Shelby County and its employees are not guilty of any act or omission that directly or proximately caused or contributed to Plaintiff's alleged injuries.

2.     Plaintiff fails to state a claim against Defendant to the extent that it is entitled to sovereign immunity.

3.     Plaintiff's Complaint fails to overtly allege that the negligence alleged therein was committed by an employee or employees of Shelby County within the scope of his/her or their employment.

4.     To the extent that Plaintiff's alleged injuries were caused or contributed to by his own unlawful conduct, recovery for such alleged injuries is barred.

5.     Defendant specifically avers the injuries and damages alleged to have been incurred by Plaintiff resulted from the independent unlawful acts of inmate Drew Johnson.

6.     To the extent that Plaintiff is alleging negligence, all defenses and limitations of the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. §§29-20-101 et seq., apply. Notwithstanding the above, Defendant avers that Plaintiff does not make a claim under the TGTLA, and that he fails to state a claim upon which relief can be granted under the TGTLA.

7.     Defendant reserves the right to assert additional affirmative defenses that may be discovered during the course of discovery.

For all the reasons contained herein, Defendant requests that the Court dismiss all of Plaintiff's claims, and that it be awarded costs and attorneys' fees pursuant to 42 U.S.C. § 1988, as the Court may deem appropriate.

Respectfully submitted,

*/s/ R. H. "Chip" Chockley*
R.H. "CHIP" CHOCKLEY (#20680)
chip.chockley@shelbycountytn.gov
PAMELA WILLIAMS KELLY (#029504)
pamela.w.kelly@shelbycountytn.gov
SHELBY COUNTY ATTORNEY'S OFFICE
160 North Main Street, Suite 950
Memphis, TN  38103
(901) 222-2100
*Attorneys for Defendant*
*SHELBY COUNTY, TENNESSEE*

<u>Certificate of Service</u>

I certify that the foregoing is being filed via the Court's ECF system this 24th day of January, 2023, for service on all persons registered in connection with this case.

*<u>/s/ R. H. "Chip" Chockley</u>*