IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CORDERO KADEEM RAGLAND, by and through his mother and conservator, PAMELA MITCHELL,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>SHELBY COUNTY, TENNESSEE,  )<br>)<br>Defendant.  )  | No. 2:22-cv-2862-SHL-atc |

**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL**

Before the Court is Defendant Shelby County, Tennessee's Motion for Leave to File Interlocutory Appeal, filed July 26, 2024. (ECF No. 72.) Plaintiff Cordero Kadeem Ragland responded the next day. (ECF No. 73.) For the reasons discussed below, the motion is **DENIED**.

## **BACKGROUND**

This case arises from the attack on Ragland by another inmate, Drew Johnson, in Shelby County Jail. Ragland filed suit against Shelby County on December 20, 2022 (ECF No. 1), and filed an Amended Complaint on February 14, 2023 (ECF No. 14). In his Amended Complaint, Ragland alleges violations of 42 U.S.C. § 1983, arguing that Shelby County, "acting under color of state law, by and through the employees, agents and assigns of the Shelby County Sheriff's Office and of the Shelby County Jail, acting with deliberate indifference, violated the constitutional rights of Plaintiff secured by the Eighth and Fourteenth Amendments to the U.S. Constitution, by failing to protect him from violence and harm from the substantial risk, inmate

Drew Johnson posed to Plaintiff and other similarly situated inmates." (ECF No. 19 at PageID 139.)

Shelby County sought summary judgment, arguing that, in the absence of an underlying constitutional violation by an individual, a municipality cannot be held liable under 42 U.S.C. § 1983. (ECF No. 41-2 at PageID 468.) Shelby County further asserted that, even if there was a constitutional violation, Ragland can submit no evidence that the violation was the result of a policy, practice, custom, or act by an official policymaker sufficient to establish liability on its part. (Id.)

In its July 17, 2024 Order denying Shelby County's Motion for Summary Judgment, the Court found that, under certain circumstances, a municipality can be held liable absent a constitutional violation by an individual. (ECF No. 69 at PageID 891.) In Ragland's case, the Court found that there was a genuine dispute of material fact as to whether a constitutional violation occurred and whether Shelby County's failure to remedy its unsafe jail conditions constituted a custom of deliberate indifference to inmate-on-inmate violence. (Id. at PageID 888.)

Defendants seek permission to file an interlocutory appeal of the Court's Summary Judgment Order pursuant to 28 U.S.C. § 1292(b). Specifically, Defendants seek to appeal the Court's finding that a jury could find Shelby County liable under § 1983 in the absence of a constitutional violation by any specific individual. (ECF No. 72-1 at PageID 911.)

## LEGAL STANDARD

An interlocutory appeal is appropriate when an order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the

litigation." 28 U.S.C. § 1292(b).  "Review under § 1292(b) is granted sparingly and only in exceptional cases." Lofgren v. Polaris Indus. Inc., 526 F. Supp. 3d 322, 326 (M.D. Tenn. 2021) (quoting In re City of Memphis, 293 F.3d 345, 349 (6th Cir. 2002)).  "The party seeking an interlocutory appeal has the burden of showing exceptional circumstances exist warranting an interlocutory appeal."  Id. (quoting Gieringer v. Cincinnati Ins. Cos., No. 3:08-CV-267, 2010 WL 2572054, at *2 (E.D. Tenn. June 18, 2010)).  "[D]istrict court judges have broad discretion to deny certification even where the statutory criteria are met."  Wang v. Gen. Motors, LLC, No. CV 18-10347, 2019 WL 1950185, at *1 (E.D. Mich. May 2, 2019) (quoting Century Pac., Inc. v. Hilton Hotels Corp., 574 F. Supp. 2d 369, 370 (S.D.N.Y. 2008)).

## ANALYSIS

Shelby County argues that all three requirements of 28 U.S.C. § 1292(b) are met here. (ECF No. 72-1 at PageID 919–21.)  Ragland acknowledges that the first two requirements are met—both that there is a controlling question of law and there is substantial ground for difference of opinion as to the law.  (ECF No. 73 at PageID 928–29.)  However, he argues that the third factor, whether an interlocutory appeal would advance the ultimate termination of the litigation, weighs heavily against granting the motion.  (Id. at PageID 929.)  Because there is no dispute as to the first two factors, only the third factor is considered below.

"The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." City of Dearborn v. Comcast of Mich. III, Inc., No. 08-10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008)  (citation omitted).  "The moving party satisfies the third requirement where the resolution of a controlling legal question would avoid trial, as well as when it would otherwise substantially shorten the litigation.  In other words, an interlocutory

3

appeal materially advances litigation when it saves judicial resources and litigant expense." Lofgren, 526 F. Supp. 3d at 330 (quoting Wang v. Gen. Motors, LLC, No. CV 18-10347, 2019 WL 1950185, at *1 (E.D. Mich. May 2, 2019) (cleaned up and citation omitted). "Interlocutory appeal is most appropriate early in the proceedings.  In contrast, the role of interlocutory appeal is diminished when a case is nearing trial and large expenditures have already been made." Id. (quoting W. Tennessee Chapter of Associated Builders & Contractors, Inc. v. City of Memphis, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000).

Here, all discovery and nearly all pretrial litigation is completed; the trial is mere weeks away.  (ECF No. 73 at PageID 930, 932.)  Counsel has been preparing for trial and expert appearances and litigation travel expenses have already been paid.  (Id. at PageID 932.) Although the need for a trial would be negated if the Sixth Circuit were to hold that a municipality cannot be held liable absent a constitutional violation by an individual officer, the case's advanced stage in the pretrial process counsels against granting the motion. Gieringer, 2010 WL 2572054, at *4 ("Under the circumstances, there is no reason to expect that this case will not be resolved in the near future—in fact, due to the relatively advanced stage of this litigation, certifying for an appeal at this stage would not materially advance the litigation and would instead result in substantial delay.").  Therefore, the third statutory requirement is not met.

## CONCLUSION

Because an interlocutory appeal would not materially advance the ultimate termination of the litigation, Defendant's motion is **DENIED**.

**IT IS SO ORDERED**, this 26th day of July, 2024.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE
