IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CORDERO RAGLAND, by and through his mother and conservator, PAMELA MITCHELL,<br><br>    Plaintiffs,<br><br>v.<br><br>SHELBY COUNTY, TENNESSEE<br><br>    Defendant. | No. 2:22-cv-02862-SHL-atc |

**ORDER DENYING MOTION TO EXCLUDE THE TESTIMONY AND OPINIONS OF CAMERON K. LINDSAY AND DENYING MOTION TO ACCEPT DAUBERT MOTION OUT OF TIME**

Before the Court is Defendant Shelby County, Tennessee's ("Shelby County") Motion to Exclude the Testimony and Opinions of Cameron K. Lindsay ("Daubert Motion"). (ECF No. 76.) Plaintiff Cordero Ragland filed a response the next day. (ECF No. 79.) Later that day, Shelby County filed a Motion to Accept It[]s Daubert Motion Out of Time ("Motion to Accept"). (ECF No. 81.) For the reasons discussed below, both motions are **DENIED**.

As a threshold matter, Shelby County's motion is extremely untimely. On February 13, 2023, the Court entered a Scheduling Order, which set the motion to exclude expert deadlines for November 14, 2023. (ECF No. 18 at PageID 123.) On August 17, 2023, the Court extended that deadline by sixty days, which resulted in a deadline of January 15, 2024. (ECF No. 29 at PageID 434.) Shelby County filed their motion six months and fourteen days after the deadline.

Shelby County's Motion to Accept seeks for the Court to consider its Daubert Motion out of time. In support of its motion, Shelby County states that "[d]espite Defense counsel's review of his file and PACER, he did not appreciate that the Daubert Motion deadline had been set and

had passed." (ECF No. 81 at PageID 961.) The County also explains that "[b]ecause of the unique legal issue presented by this case, counsel did not turn to preparing to trial until the Court ruled on its Motion for Summary Judgment." (Id.)

The Court may extend a deadline that has passed "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Courts balance the following factors in making the excusable-neglect determinations: '(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.'" Hall v. Davis, No. 23-3307, 2023 WL 11051385, at *3 (6th Cir. Nov. 17, 2023) (quoting Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 522 (6th Cir. 2006)).

As to the first factor, the County argues that Ragland is not prejudiced because he has already responded to Defendant's Daubert Motion. However, Shelby County fails to consider that the trial in this case is less than a month away. Ragland rightfully assumed that he could rely on the testimony of his expert during the trial because Shelby County did not challenge his testimony by the deadline. Excluding testimony at this stage would be unduly prejudicial to Ragland. This factor weighs against granting the Motion to Accept.

The second factor—the length of delay—also weighs against Defendant. The amended deadline for motions to exclude expert witnesses was set almost a year ago and Shelby County brought this motion more than six months after the deadline expired, on the eve of trial.

The third and fourth factors—Shelby County's reason for the delay and whether that reason was in the County's control—also do not favor granting the Motion to Accept. Defense counsel asserts that they simply did not realize that the Daubert Motion deadline had been set.

However, defense counsel attended the scheduling conference where the initial deadline was set.[1]  They further did not oppose the relief requested when Plaintiffs sought to amend this deadline.  There is no excusable reason that Defendant should not have been aware of the deadlines in this case.  Further, Defense counsels' decision not to begin preparing for trial until a little over a month beforehand is certainly within their control.

Finally, as to the fifth factor, there is nothing to suggest that this motion is not brought in good faith.  However, because the other four factors weight against granting the Motion to Accept, the County has not demonstrated excusable neglect.  Therefore both motions are **DENIED**.[2]

**IT IS SO ORDERED**, this 31st day of July, 2024.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Although additional counsel only recently appeared on behalf of Shelby County, they do not assert that as a basis for finding excusable neglect.  Nor could they.  Shelby County's other counsel has been on the case since its inception.

[2] Even if the Court were to consider the merits of the motion, Shelby County's arguments go to the weight, rather than the admissibility of Lindsay's testimony.  These issues are properly addressed through cross-examination.  United States v. L.E. Cooke Co., Inc., 991 F.2d 336, 342 (6th Cir. 1993) ("Where an expert's testimony amounts to 'mere guess or speculation,' the court should exclude his testimony, but where the opinion has a reasonable factual basis, it should not be excluded.  Rather, it is up to opposing counsel to inquire into the expert's factual basis.").