# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CORDERO KADEEM RAGLAND, by and through his mother and conservator, PAMELA MITCHELL, <br><br> Plaintiff, <br><br> v. <br><br> SHELBY COUNTY, TENNESSEE, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 2:22-cv-2862-SHL-atc |

## ORDER ON MOTIONS IN LIMINE

Before the Court are Motions in Limine filed by Plaintiff Cordero Kadeem Ragland, by and through his mother and conservator, Pamela Mitchell, and Defendant Shelby County, Tennessee. On August 9, 2024, Plaintiff filed two motions in limine. (ECF Nos. 85–86.) Defendant responded on August 15, 2024. (ECF Nos. 95–96.) On August 12, 2024, Defendant filed its Omnibus Motion in Limine, which sought fourteen different forms of relief. (ECF No. 87.) Plaintiff responded four days later. (ECF No. 97.) While the motions were pending, the Court held a pretrial conference in which it addressed the motions. (ECF No. 93.) For the reasons discussed below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motions in Limine, and **GRANTS IN PART AND DENIES IN PART** Defendant's Omnibus Motion in Limine.

## **BACKGROUND**

The Parties agree on much of the background underlying this case. Plaintiff Ragland was being held as a pre-trial detainee at the Shelby County Jail (the "Jail") in December 2021, awaiting the disposition of his criminal charges. Ragland had been incarcerated since May 2018. On December 21, 2021, he was housed in the "P" pod on the 4th Floor of the Jail when he was

attacked and permanently injured by Drew Johnson, another pre-trial detainee.

Johnson, while in his individual cell, placed the portion of concrete block he had earlier carved out of the wall in a pillowcase or a portion of sheeting and walked into the common area of the "P" pod. At that time, Ragland was sitting at a computer desk in the back of the pod, when Johnson approached him from behind and beat him in his head and body with the sheeted concrete, severely injuring him.

Plaintiff's motions seek to exclude information related to the following topics:

- the admissibility of Plaintiff's prior criminal history as evidence reviewed by the Jail's classification department (ECF No. 86); and
- the source of funds to satisfy any potential judgment or its impact on administration of government services (ECF No. 85).

Defendant's omnibus motion seeks to exclude or address information related to the following topics:

- social justice issues broader than the case (ECF No. 87 at PageID 987);
- additional lawsuits filed against Shelby County and/or settled without a finding of wrongdoing (id. at PageID 988);
- deaths or injuries in the jail where Plaintiff cannot show that they resulted from misconduct (id. at PageID 988–89);
- dissimilar incidents or injuries (id. at PageID 989–90);
- alleged misconduct in the Jail occurring after the events of this case (id. at PageID 990–91);
- claims for "loss of consortium" by Plaintiff's parents and minor children (id. at PageID 991);

2

- prior lawsuits and allegations related to the Jail dating back to the 2000's and/or the Department of Justice's presence or involvement with the jail around that time (id. at PageID 991–93);

- evidence suggesting that the Shelby County Sheriff had authority to unilaterally lower the jail's population during the time period surrounding the incident (id. at PageID 993–94);

- the videotape or still photographs of the assault (id. at PageID 994–96);

- testimony regarding Plaintiff's diagnosis or recommended course of treatment (id. at PageID 996–97);

- testimony regarding Plaintiff's disability (id. at PageID 997);

- testimony from Plaintiff's mother, Pamela Mitchell, regarding her son's mental condition (id. at PageID 997–99);

- any testimony by Plaintiff's experts' outside of their reports (id. at PageID 999–1000); and

- expert testimony in the form of legal conclusions (id. at PageID 1000).

## ANALYSIS

Through motions in limine, courts rule on evidentiary issues before trial begins "to avoid delay and to allow the parties to focus" on matters that can be appropriately heard by the jury. Advance Wire Forming, Inc. v. Stein, No. 1:18CV723, 2022 WL 3716539, at *4 (N.D. Ohio May 25, 2022) (citing United States v. Brawner, 173 F.3d 966, 970 (6th Cir. 1999); Louzon v. Ford Motor Co., 718 F.3d 556, 561 (6th Cir. 2013)).  Motions in limine should seldom exclude extensive evidentiary categories.  See Martin v. Polaris, Inc., No. 3:22-CV-322, 2024 WL

3

3611323, at *1 (E.D. Tenn. July 31, 2024) (citing Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975)).  Each issue raised is separately addressed below.

I.	**Plaintiff's Motion to Exclude His Criminal History and Classification in the Jail**

Plaintiff's first Motion in Limine seeks to exclude argument, testimony, or other evidence regarding his conviction and criminal arrest history. (ECF No. 86.) According to Plaintiff, he does not anticipate testifying at trial, rendering his criminal convictions inadmissible as impeachment. (ECF No. 86 at PageID 984.) Plaintiff further asserts that this criminal history is not relevant, lacks probative value, and is unfairly prejudicial. (Id. at 984–85.) Defendant responds, arguing that Plaintiff's history and the Jail's classification process are core to Plaintiff's arguments. (ECF No. 96.) And, because Plaintiff is not a criminal defendant, the restriction on the admissibility of a Plaintiff's criminal history in a criminal case under Fed. R. Evid. 404 is not implicated. (ECF No. 96 at PageID 1117.)

Relevance is always of issue when discussing the admissibility of evidence. Under Fed. R. Evid. 402's fundamental guidance, relevant evidence is generally admissible. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. But, under Fed. R. Evid. 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Ross v. Am. Red Cross, 567 F. App'x 296, 307 (6th Cir. 2014). District courts have "wide discretion" when evaluating probative value as it relates to potential prejudice. Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008) (citing United States v. Abel, 469 U.S. 45, 54 (1984)). Evidence that may be prejudicial can still be admitted if there is

4

"substantial" and "significant probative value" outweighing any prejudice.  See Hubbard v. Gross, 199 F. App'x 433, 443 (6th Cir. 2006).

As an initial matter, because Plaintiff is incompetent and unable to testify, his criminal history cannot be used to impeach his credibility as a witness under the Federal Rules of Evidence.  Fed. R. Evid. 609.  Furthermore, Plaintiff's criminal history on its own is not relevant under Fed. R. Evid. 401.  This matter pertains to broader issues related to the Jail itself, not Plaintiff's background.  Even if relevant, his criminal history risks prejudicing the jury more than adding probative value.  Fed. R. Evid. 403.

However, although the Parties do not appear to contest Plaintiff's classification in the Jail, it could be admissible as that system will be part of the evidence.  The classification system assesses inmates' needs and risks, supporting assignment of a custody level.  The classification system in the Jail itself is relevant to the structural issues involved when evaluating if Defendant erred in overseeing the Jail.  Plaintiff's classification status is a part of the Jail's oversight and conduct.  The probative value of this evidence outweighs the prejudicial value under Rule 403, as the classification lacks the undue prejudice that would come from the criminal records themselves.  Thus, Plaintiff's classification is admissible, but the basis for it, his criminal history, is not.

Plaintiff's first Motion in Limine is therefore **GRANTED IN PART AND DENIED IN PART**.  His criminal history is excluded, but Plaintiff's classification itself is not.

II. **Plaintiff's Motion to Exclude Source of Funds to Satisfy Judgment or Impact on Administration of Government Services**

Plaintiff asserts that evidence regarding the source of funding, if Defendant is required to satisfy a judgment, and/or the impact of the funding on the administration of government services, is irrelevant, prejudicial, and akin to the inadmissibility of liability insurance.  (ECF

5

No. 85.) If there is a verdict in Plaintiff's favor, Plaintiff does not want the source that will satisfy the damages to be before the jury. (Id.) Defendant intends to present proof related to its funding process and argues that Plaintiff put funding "squarely at issue." (ECF No. 95 at PageID 1111–12.)

Should the jury find in Plaintiff's favor, how damages will be paid is not relevant, nor should it be a factor in assessing the issue at hand. The source of any payment is not relevant and should not be discussed during the trial. Fed R. Evid. 401.

However, Plaintiff does not appear to attempt to exclude broader evidence concerning how the County is funded. Defendant's funding priorities concerning the Jail potentially relate to oversight of the matter at hand and are relevant. Fed. R. Evid. 401. Understanding how Defendant funds County programs, such as the Jail and the policy, does not unfairly prejudice a party. Fed. R. Evid. 403.

Therefore, Plaintiff's Second Motion in Limine is **GRANTED IN PART**, in that the source of funds that would satisfy a judgment shall be excluded, and **DENIED IN PART** as to the ability to introduce broader evidence regarding the funding of the Jail.

### III. Defendant's Omnibus Motion in Limine

Defendant's Omnibus Motion in Limine addresses fourteen separate pieces of evidence. The Parties have stipulated as to the first, that "broad-sweeping social justice arguments" will not be introduced by Plaintiff at trial. (ECF No. 97 at PageID 1119.) Each issue is discussed below.

### A. City-Wide, County-Wide, State-Wide, or Nation-Wide Social Justice Issues Broader Than This Case

Defendant seeks to exclude evidence related to social justice issues broader than this case and/or events happening after this case on a city-wide, county-wide, state-wide, or nation-wide

6

level.  (ECF No. 87 at 987.)  Plaintiff has agreed to not introduce these broad arguments.  (ECF No. 97 at 1119.)

The parties have agreed to not introduce this evidence, thus this aspect of Defendant's Motion is **GRANTED**.

        **B.**        **Other Cases Settled Without a Finding of Wrongdoing and Prior Lawsuits and Allegations in the Jail from the 2000s and/or the Department of Justice's Presence and Involvement with the Jail**

Defendant seeks to exclude evidence regarding cases filed against Shelby County and/or cases settled without findings of wrongdoing (ECF No. 87 at PageID 988), deeming it irrelevant, and prior lawsuits and allegations in the Jail from the 2000s and/or the Department of Justice's presence or involvement then, as well as potential misconduct from before 2016 (ECF No. 87 at PageID 991–93).  It argues that this evidence is irrelevant and unfairly prejudicial, as well as that the written statements by the Department of Justice are hearsay.  (Id. at PageID 988, 991–93.)  Plaintiff addresses Defendant's arguments together.  (ECF No. 97 at PageID 1119–20, 1122.)  Plaintiff states that he would offer these documents to argue that "when similar issues occurred in the past, the County implemented policies designed to rectify those systemic problems and that said policies were successful and subsequently abandoned."  (ECF No. 97 at PageID 1120.)

If this motion is granted, the 2002 settlement agreement with the Department of Justice (id. at PageID 992), which ultimately resulted in the supervision policy at question here, would be excluded.  U.S. V. Shelby County Jail Settlement Agreement, DOJ (2002), https://www.justice.gov/crt/us-v-shelby-county-jail-settlement-agreement; see also In Little v. Shelby County, 384 F. Supp. 2d 1169, 1174 n.9 (W.D. Tenn. 2005) (noting the settlement agreement).  Plaintiff argues he could present Defendant's 2002 agreement with the Department of Justice to "demonstrate that the Defendant was aware of specific steps that it could and should take to remedy the specific deficiencies that underpin this lawsuit and chose not to do so."  (ECF

7

No. 97 at PageID 1120.) However, he states he does not want to use this evidence to re-litigate the previous issues. (Id.)

The 2002 agreement, if offered by Plaintiff to show Defendant's understanding of potential measures that could be taken, is relevant under Fed. R. Evid. 401. The supervision policy resulting from the agreement is core to Plaintiff's concerns regarding oversight of the Jail. (ECF No. 19 at PageID 128–29, 134–36.) The probative value of this narrow testimony outweighs Defendant's concerns of potential prejudice. Fed. R. Evid. 403.

Of course, hearsay, defined as an out of court statement offered to prove the truth of the matter asserted, is generally inadmissible. Fed. R. Evid. 801(c), 802. Here, however, it does not appear that Plaintiff would be offering evidence from the DOJ litigation to prove "the truth of the matter asserted." Rather, Plaintiff contemplates introducing the evidence to show knowledge of the policy at issue here. For that limited purpose only, the 2002 agreement is relevant. Plaintiff is instructed, however, to restrict his presentation only to the relevant issue.

Plaintiff also notes that Defendant's objection has the potential to limit the testimony of Plaintiff's correctional expert, Cameron K. Lindsay. (ECF No. 97 at PageID 1120). Witnesses qualified as experts may be permitted to appear per the Federal Rules of Evidence. Fed. R. Evid. 702. Courts are tasked with a gatekeeping function as to the admissibility of expert testimony. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993). Parties may raise challenges to expert testimony in Daubert motions. Here, however, Defendant filed no such motion by the deadline and the Court denied Defendant's effort to file an untimely Daubert motion. (ECF No. 83.) Its ruling on the matter stands.

Defendant's motion on these issues is **DENIED**, provided that Plaintiff adheres to the limited scope outlined in his Response.

8

      **C.**      **Deaths or Injuries in the Jail Where Plaintiff Cannot Show If They Were Caused by Misconduct, Incidents or Injuries in the Jail That Were Not Similar to the Facts of This Case, Alleged Misconduct in the Jail That Occurred After the Events of This Case, and Expert Testimony in the Form of Legal Conclusions**

These arguments all seek to exclude similar types of evidence. First, Defendant seeks to exclude evidence relating to death or injuries in the Jail where Plaintiff cannot show that these incidents resulted from misconduct. (ECF No. 87 at PageID 988–89). Next, it seeks to exclude incidents or injuries in the Jail that differ from the facts of this case. (Id. at PageID 989–90). Defendant also seeks to exclude evidence of alleged misconduct in the Jail that occurred after December 21, 2021 (the date of Plaintiff's assault). (Id. at PageID 990–91). Finally, Defendant seeks to exclude "expert testimony in the form of legal conclusions" from Plaintiff expert Lindsay specifically. (Id. at PageID 1000). Plaintiff has represented that he will not present the evidence that Defendant explicitly outlined related to irrelevant incidents. (ECF No. 97 at PageID 1120–21.) However, Plaintiff argues that Lindsay should be able to testify. (Id. at PageID 1120–21, 1127–28.)

Since both parties have agreed on many aspects of these issues, Defendant's motion on those issues is **GRANTED**. However, the parties remain in disagreement about limitations concerning the expert's ability to testify.

"Experts are permitted a wide latitude in their opinions, including those not based on firsthand knowledge, so long as 'the expert's opinion [has] a reliable basis in the knowledge and experience of the discipline.'" Orlowski v. Bates, No. 2:11-cv-01396-JPM-cgc, 2016 WL 320993, at *6 (W.D. Tenn. Jan. 25, 2016) (internal citations omitted). Admissibility of expert testimony under Fed. R. Evid. 702 "embodies a flexible approach." Jahn v. Equine Servs., PSC, 233 F.3d 382, 388 (6th Cir. 2000). Though experts may rely on inadmissible testimony when preparing their expert reports and can explain the basis of their insights, this evidence should not

9

be used to support the truth of the matter asserted.  See Roche Diagnostics Corp. v. Shaya, No. 19-10264, 2023 WL 7412918, at *6–7 (E.D. Mich. Nov. 9, 2023) (citing Engebretsen v. Fairchild Aircraft Corp., 21 F.3d 721, 728–29 (6th Cir. 1994)).

The Court shares Plaintiff's concern regarding the limits on testimony based on the content of the expert's submitted report.  As discussed supra, Defendant failed to file a timely Daubert motion to exclude Lindsay's expert testimony.  Defendant cannot now conduct an end-run around in an attempt to exclude Lindsay's testimony.  Lindsay may testify within the confines of his expertise, within the parameters of the Federal Rules and the laws governing this Court.

Defendant's motion related to irrelevant incidents is **GRANTED** but **DENIED** as to the efforts to limit the expert testimony.

### D. Testimony Regarding Loss of Consortium Claims

Defendant also seeks to exclude any previously unfiled "loss of consortium" claims. (ECF No. 87 at PageID 991).  Plaintiff argues that he has made no such claims and that the expert testimony of Misty Coffman, Plaintiff's nurse life care planning expert, should not be limited.  (ECF No. 97 at PageID 1121–22.)

Coffman is one of Plaintiff's expert witnesses.  Defendant did not attempt to offer a Daubert motion, on time or out of time, concerning Coffman's ability to testify as an expert. Ragland v. Shelby County, No. 2:22-cv-02862-SHL-atc (W.D. Tenn. Dec. 20, 2022).  A motion in limine is an inappropriate time to first question a party's ability to be an expert.

This aspect of Defendant's Motion is **DENIED**.

### E. Limiting Expert Testimony to Their Original Reports and Life Care Plan Work Product

Defendant seeks to limit the expert testimony of Lindsay and Coffman to their original reports. (ECF No. 87 at PageID 999–1000). Plaintiff responds that Defendant's attempt to limit the experts' testimony is time-barred or barred by the law of the case doctrine. (ECF No. 97 at PageID 1127.)

Expert witnesses are required under the Federal Rules of Civil Procedure to present a written report that includes "a complete statement of all opinions" that the witness will express, their basis, and their reasoning. Fed. R. Civ. P. 26(a)(2)(B). These witnesses are not fully "confined to the four corners of the report submitted," as an "expert will supplement, elaborate upon, explain and subject himself to cross-examination upon his report." Mayse v. Ethicon, Inc., No. 2:20-CV-125, 2021 WL 6425952, at *4 (E.D. Tenn. May 26, 2021), objections overruled, No. 2:20-CV-125-KAC-CRW, 2022 WL 495238 (E.D. Tenn. Feb. 17, 2022) (citing Thompson v. Doane Pet Care Co., 470 F.3d 1201, 1203 (6th Cir. 2006)). However, the expert may not testify about "a wholly new, previously unexpressed opinion." Little v. City of Morristown, No. 221CV00047DCLCCRW, 2023 WL 2769446, at *5 (E.D. Tenn. Mar. 31, 2023) (internal citation omitted). If experts exceed this scope at trial, their testimony is subject to exclusion under Rule 37 of the Federal Rules of Civil Procedure. Mathis v. Roa, 793 F. App'x 367, 370 (6th Cir. 2019) (internal citation omitted). This Court will review and respond to this expert testimony as they arise during trial.

As discussed supra, efforts to limit what experts Lindsay and Coffman can speak about from their reports should have been raised in timely Daubert motions. This Motion in Limine is not the forum to raise these issues.

This aspect of Defendant's Motion is **DENIED**, but the Court expects Plaintiff to follow the applicable rules regarding "new" opinions.

### F. Sheriff's Authority to Unilaterally Lower the Population of the Jail

Defendant seeks to exclude evidence suggesting that the Shelby County Sheriff or his personnel had authority to control the jail population. (ECF No. 87 at PageID 993–94). Plaintiff argues that this topic has the potential to be material to the case, and Defendant's argument has the potential to limit expert Lindsay's report. (ECF No. 97 at PageID 1122–23.)

Assessments of materiality require evaluating relevance. Understanding Defendant's role as it pertains to the population of the jail is relevant. Fed. R. Evid. 401. Defendant has not demonstrated that testimony on this topic would be unduly prejudicial. Rather, this evidence may offer probative value that would help the jury in assessing the facts of the case. At this time, restricting the ability for this evidence to be offered is premature. This Court will entertain any properly made objections to the testimony at trial.

For now, this aspect of Defendant's Motion is **DENIED**.

### G. Video and Photo Footage of Assault

Defendant seeks to exclude video footage and still camera footage of Ragland's assault, arguing that this imagery is irrelevant, is prejudicial, and would inflame the jury. (ECF No. 87 at PageID 994–96). Plaintiff argues that the assault depicted in this footage is key to their case and its probative value outweighs any prejudice. (ECF No. 97 at PageID 1123–24.)

Plaintiff's assault is relevant and goes to the heart of the case—Plaintiff's experience at the jail with what he alleges to be substandard staff supervision, resulting in deliberate indifference to his safety. See Fed. R. Evid. 401. Though the footage depicts devastating violence, showing it is necessary for the jury to evaluate the incident. The video and photos have evidentiary purpose and, though potentially prejudicial, the probative value outweighs any such

prejudice. Plaintiff is cautioned, however, to not offer more evidence than is necessary and risk an objection that might be sustained.

Defendant's attempt to exclude this video footage and photographic evidence of Ragland's assault is **DENIED**.

### H.    Testimony Regarding Plaintiff's Diagnosis

Defendant seeks to prevent witnesses from testifying that healthcare professionals gave Plaintiff a diagnosis or recommended course of treatment, asserting that such testimony is hearsay without an exception. (ECF No. 87 at PageID 996.) Plaintiff argues that one of his experts relied on the medical records in forming her work product, a life care plan, and not including them would be preventing her from testifying. (ECF No. 97 at PageID 1125.)

Healthcare professionals' diagnoses or recommendations for Plaintiff are generally hearsay. See Good v. BioLife Plasma Servs., L.P., 647 F. Supp. 3d 555, 561 (E.D. Mich. 2022) (citing Fed. R. Evid. 805). Experts are expected, as discussed supra, to explain their testimony if asked about their work during cross examination. As part of this explanation, "[e]xperts are entitled to rely on documents, even hearsay documents that are otherwise inadmissible." Conwood Co., L.P. v. U.S. Tobacco Co., 290 F.3d 768, 786 n.3 (6th Cir. 2002) (citing Kingsley Associates, Inc. v. Del–Met, Inc., 918 F.2d 1277, 1286–87 (6th Cir.1990)). A blanket rejection of discussions of Plaintiff's diagnosis before trial is premature.

Defendant's motion to exclude the diagnosis testimony is **DENIED**, though witnesses are expected to confine their testimony to applicable rules when discussing diagnoses during trial.

### I.    Testimony That Plaintiff Is Disabled or Has a Disability

Defendant argues that testimony describing Plaintiff as "disabled" or that he has a "disability" as a legally defined term of art should be excluded as being a legal conclusion. (ECF No. 87 at PageID 997.) Plaintiff asserts that his "disabled" status is obvious and cites to the

13

Americans with Disabilities Act's ("ADA") broad definition of "disability." (ECF No. 97 at PageID 1125–26.) However, the ADA is not relevant to this case, and there are no ADA claims at issue. Because of this, when Plaintiff or witnesses mention "disability" or "disabled," there is no reasonable inference that the declarant is making a legal conclusion. Mentions of "disability" or "disabled" in this context do not lead to the conclusion of a term defined by a law unrelated to the matter at hand.

Those testifying regarding Plaintiff's state must have personal knowledge under the Federal Rules of Evidence or be able to use their expertise to identify Plaintiff's state. Fed. R. Evid. 602, 701–04. However, as long as their comments meet the requirements under the Federal Rules of Evidence, no blanket grounds prevent using the words "disabled" or "disability."

Defendant's Motion is **DENIED**.

### J. Plaintiff's Mother's Testimony Regarding Plaintiff's Mental Condition

Defendant seeks to prohibit Ragland's mother and conservator, Pamela Mitchell, from commenting on his mental condition. (ECF No. 87 at 997–99). Plaintiff responds, noting that Plaintiff's mental state is not in dispute. (ECF No. 97 at PageID 1126–27.)

To offer relevant testimony, a lay witness must have personal knowledge of the matter at hand. Fed. R. Evid. 602. Layperson opinions must be based on rational perception. Fed. R. Evid. 701(a). Ragland's competency is not contested. However, it would be inappropriate for his mother, a lay witness and family member, to offer expert conclusions relating to his mental state. Though she may have personal knowledge of his condition and can testify as to her interactions with him, she has not been tendered as an expert capable of offering testimony

14

regarding her son's medical conditions. Such testimony is impermissible under the Federal Rules of Evidence.

Defendant's Motion is **GRANTED**, although Plaintiff's mother may testify about her experiences with her son.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's First and Second Motions in Limine, and **GRANTS IN PART AND DENIES IN PART** Defendant's Omnibus Motion in Limine.

**IT IS SO ORDERED**, this 23rd day of August, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE